UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

GOMIN GARDIYEHEWA,

 Plaintiff,

-against-

SIMPLIWORKS INC, and MALIK MCCRAY, as an individual,

 Defendants.

Case No. 5:24-cv-00405-D-KS

PLAINTIFF'S REPLY AND AFFIRMATIVE DEFENSES TO SIMPLIWORKS INC'S COUNTERCLAIM

JURY TRIAL REQUESTED

Plaintiff, GOMIN GARDIYEHEWA, (hereinafter referred to as "Plaintiff"), by his attorneys at Consumer Attorneys PLC, hereby replies to Defendant SIMPLIWORKS INC's ("SIMPLIWORKS") Counterclaim as follows:

## PARTIES

1. The statement contained in paragraph 1 of SIMPLIWORKS' counterclaim does not constitute an allegation or averment to which a response is required. To the extent that paragraph 1 of SIMPLIWORKS' counterclaim is construed to contain any allegations or averments directed at Plaintiff, the allegations or averments of paragraph 1 are denied.

2. The statement contained in paragraph 2 of SIMPLIWORKS' counterclaim does not constitute an allegation or averment to which a response is required. To the extent that paragraph 2 of SIMPLIWORKS' counterclaim is construed to contain any allegations or averments directed at Plaintiff, the allegations or averments of paragraph 2 are denied.

## JURISDICTION AND VENUE

3. Admitted.
4. Admitted.

## FACTUAL ALLEGATIONS

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted partially - The Amazon platform access mentioned above is protected by a password and dual authenticator system.

12. Denied. Plaintiff/Counterclaim-Defendant was employed by Simpliworks as an hourly employee from in or around March 2023 until in or around Mid-April 2024.\

13. Admitted partially - Plaintiff/Counterclaim Defendant had access to Simpliwork's confidential and proprietary information to the extent that the information was necessary to perform his work. Upon information and belief, Plaintiff/Counterclaim-Defendant did not have access to Simpliworks' trade secrets, nor did he know what they were composed of at any time throughout his employment by Simpliworks.

14. Plaintiff/Counterclaim-Defendant is without sufficient information to form a belief as to the truth or falsity of paragraph 14 and therefore denies the same.

15. Plaintiff/Counterclaim-Defendant is without sufficient information to form a belief as to the truth or falsity of paragraph 15 and therefore denies the same.

16. Plaintiff/Counterclaim-Defendant is without sufficient information to form a belief as to the truth or falsity of paragraph 16 and therefore denies the same.

17. Plaintiff/Counterclaim-Defendant is without sufficient information to form a belief as to the truth or falsity of paragraph 17 and therefore denies the same.

18. Admitted.

19. Denied. Plaintiff/Counterclaim-Defendant was not terminated. Plaintiff/Counterclaim-Defendant resigned from Simpliworks due to non-payment of wages. Plaintiff/Counterclaim-Defendant communicated with Simpliworks' CEO - Malik McCray, COO - Scott Tooter, and Head of Advertising - Nathaniel Wallach on or around April 1, 2024 to express his frustrations with non-payment of wages and to provide Simpliworks with his two-week notice of resignation. Plaintiff/Counterclaim-Defendant explained that he remained available for knowledge transfer and transition of duties to facilitate his replacement until his last date of employment with Simpliworks on April 12, 2024.

20. Denied. Plaintiff/Counterclaim-Defendant maintains that he was not terminated by Simpliworks, he resigned. Plaintiff/Counter-claim Defendant was offered a position as COO for Graxcell on April 8, 2024 and officially began his employment with Graxcell on April 8, 2024. As the COO of Graxcell, Plaintiff/Counterclaim-Defendant added his credentials to the Graxcell account so that he could access the Graxcell Amazon account as needed to perform his duties as COO.

21. Admitted.

22. Admitted.

23. Denied. As COO of Graxcell, Plaintiff/Counterclaim-Defendant obtained authorized access to the Graxcell account.

24. Denied. As the COO of Graxcell, Plaintiff/Counterclaim-Defendant had full authority to manage the Graxcell Amazon account and challenge Simpliworks' management of the

Graxcell account. Plaintiff/Counterclaim-Defendant made no misrepresentations to Graxcell about his status with Simpliworks.

25. Denied. After Plaintiff/Counterclaim-Defendant evaluated the performance of the Graxcell account by Simpliworks' management team and consulted with the CEO of Graxcell, Graxcell terminated the company's engagement with Simpliworks. As a result of Simpliworks' inefficient performance, all Simpliworks-run ad campaigns were all closed by Graxcell, and new campaigns were launched by Graxcell.

26. Denied. As the COO of Graxcell, Plaintiff/Counterclaim-Defendant had complete authority to manage Graxcell's account.

27. Denied. As the COO of Graxcell, Plaintiff/Counterclaim-Defendant's salary had not yet been finalized and Plaintiff/Counterclaim-Defendant had not yet received any payments from Graxcell for his work at the time of Graxcell's active Agreement with Simpliworks.

28. Plaintiff/Counterclaim-Defendant is without sufficient information to form a belief as to the truth or falsity of paragraph 28 and therefore denies the same.

29. Denied. Plaintiff/Counterclaim-Defendant began his employment with Graxcell on April 8, 2024. Prior to his employment with Graxcell, Plaintiff/Counterclaim-Defendant had not shared any information with Graxcell that would have influenced the company's decision to terminate its relationship with Simpliworks.

## FIRST CAUSE OF ACTION

(Misappropriation of Trade Secrets, N.C. Gen. Stat. § 66-152 et seq.)

30. Plaintiff/Counterclaim-Defendant re-alleges and incorporates by reference his responses in all preceding paragraphs.

31. Plaintiff/Counterclaim-Defendant is without sufficient information to form a belief as to the truth or falsity of paragraph 31 and therefore denies the same.

32. Plaintiff/Counterclaim-Defendant is without sufficient information to form a belief as to the truth or falsity of paragraph 32 and therefore denies the same.

33. Plaintiff/Counterclaim-Defendant is without sufficient information to form a belief as to the truth or falsity of paragraph 33 and therefore denies the same.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## SECOND CAUSE OF ACTION

(Unauthorized Access in Violation of the Computer Fraud and Abuse Act)

40. Plaintiff/Counterclaim-Defendant re-alleges and incorporates by reference his responses in all preceding paragraphs.

41. Paragraph 41 consists of legal conclusions to which no reply is required or made.

42. Paragraph 42 consists of legal conclusions to which no reply is required or made.

43. Admitted.

44. Denied.

45. Denied.

## THIRD CAUSE OF ACTION

(Computer Trespass)

46. Plaintiff/Counterclaim-Defendant re-alleges and incorporate by reference his responses in all preceding paragraphs.

47. Paragraph 47 consists of legal conclusions to which no reply is required or made.

48. Paragraph 48 consists of legal conclusions to which no reply is required or made.

49. Denied.

50. Denied.

## FOURTH CAUSE OF ACTION

(Tortious Interference with Contract)

51. Plaintiff/Counterclaim-Defendant re-alleges and incorporates by reference his responses in all preceding paragraphs.

52. Admitted in part - Plaintiff/Counterclaim-Defendant was not aware of the details and terms of Simpliworks' contractual Agreement with Graxcell until he was employed as COO of Graxcell.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Plaintiff/Counterclaim-Defendant is without sufficient information to form a belief as to the truth or falsity of paragraph 57 and therefore denies the same.

58. Denied.

59. Denied.

60. Denied.

## FIFTH CAUSE OF ACTION

(Unfair and Deceptive Trade Practice, N.C.G.S. § 75-1 et seq.)

61. Plaintiff/Counterclaim-Defendant re-alleges and incorporates by reference his responses in all preceding paragraphs.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## AFFRIMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim Against Plaintiff - Rule 12(b)(6))

Defendant SIMPLIWORKS' counterclaims fail to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. SIMPLIWORKS' counterclaim alleges no actionable conduct on the part of Plaintiff/Counterclaim-Defendant. SIMPLIWORKS' allegations, even if true (which Plaintiff/Counterclaim-Defendant denies), would be insufficient to state a claim against Plaintiff/Counterclaim-Defendant.

## SECOND AFFIRMATIVE DEFENSE

No actions or omissions of the Plaintiff/Counterclaim-Defendant constitute a proximate cause of any alleged loss of profit.

## THIRD AFFIRMATIVE DEFENSE

(Disclosure by Authorized Person)

In the event it is determined that any of the documents or information referred to in SIMPLIWORKS' counterclaim constitute "trade secrets," as that term is defined in N.C. Gen. Stat. § 66-152, et seq., which is expressly denied, the claims of SIMPLIWORKS against Plaintiff/Counterclaim-Defendant for misappropriation of trade secrets are barred because any such trade secrets were disclosed by a person with the right to disclose them.

## FOURTH AFFIRMATIVE DEFENSE

(Access of Protected Computers)

SIMPLIWORKS' Second Claim for Relief fails because Plaintiff/Counterclaim-Defendant did not access any protected computers within the meaning of the Computer Fraud and Abuse Act.

## FIFTH AFFIRMATIVE DEFENSE

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff/Counter-Defendant respectfully requests that the Court enter judgment in its favor and against Defendant/Counter-Plaintiff SIMPLIWORKS INC and for such further relief as the Court deems just, including but not limited to:

a. That the Defendant/Counterclaim-Plaintiff's claims be dismissed;

b. The the Defendant/Counterclaim-Plaintiff' have and recover nothing from the Plaintiff/Counterclaim Defendant;

c. That all costs of this counterclaim and action in its entirety, including attorneys' fees be taxes against the Defendant/Counterclaim-Plaintiff; and

d. Awarding Plaintiff/Counterclaim-Defendant prejudgment and post-judgment interest;

e. Awarding such and further relief as this court deems necessary and proper.

Dated: This 20th day of January 2025.

By: */s/Janelle Romero*
Janelle Romero, NY Bar No. 5750195
CONSUMER JUSTICE LAW FIRM
72-47 139th Street
Flushing, NY 11367
Telephone: 718-874-8247
jromero@consumerjustice.com

Dawn McCraw, NC Bar No. 54714
CONSUMER JUSTICE LAW FIRM
8095 N 85th Way
Scottsdale, AZ 85258
T: (602) 807-1527
E: dmccraw@consumerjustice.com
*Attorney for Plaintiff*
*Gomin Gardiyehewa*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/Janelle Romero*