# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

GOMIN GARDIYEHEWA,

    Plaintiff,

-against-

SIMPLIWORKS INC, and MALIK MCCRAY, as an individual,

    Defendants.

)
)
)
)
)
)
)
)
)
)

Case No. 5:24-cv-00405-D-KS

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE DISMISSAL, REOPEN CASE, ENFORCE SETTLEMENT AGREEMENT AND FOR ENTRY OF CONFESSION OF JUDGMENT

Plaintiff Gomin Gardiyehewa ("Plaintiff") hereby files this Motion to Vacate the Dismissal With Prejudice, Reopen this Case, Enforce the Parties' Settlement Agreement and for Entry of a Confession of Judgment against Defendants Simpliworks Inc. and Malik McCray ("Defendants"). As describedbelow, Plaintiff requests this relief pursuant to the Court's inherent authority to enter confession judgments, and to the extent deemed necessary, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

## THE LAWSUIT, THE SETTLEMENT, THE CONFESSION OF JUDGMENT, AND THE NON-PAYMENT BY DEFENDANTS

1. Plaintiff filed his Complaint against Defendants in the Eastern District of North Carolina. Defendants were properly served. Defendants filed their Answer on August 27, 2024, and counsel appeared on their behalf. (Dkts. #1, 9).

2. On September 30, 2025, Plaintiff filed a Notice of Settlement. (Dkt. 29). The Parties then filed a stipulation of dismiss with prejudice. (Dkt. 39).

1

3. The lawsuit was dismissed with prejudice pursuant to a Settlement and Release Agreement entered into by Plaintiff and Defendants ("Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached as Exhibit A to the Affidavit of Pamela Rosario filed contemporaneously herewith.

4. The Settlement Agreement required Defendants to pay $25,000 to Plaintiff in four (4) installments starting on <u>April 24, 2026</u> (Settlement Agreement ¶<u>3</u>).

5. Under the Settlement Agreement, Confessions of Judgment may be filed against Defendants if they miss a payment and not cure the default within fifteen (15) days' notice. (Settlement Agreement ¶5).

6. Defendant was tardy in making the first installment of $6,250. Even then, Defendants only made a payment of $2,520. Defendants failed to make the second installment payment of <u>$6,250</u>.

7. Before June 17, 2026, Defendants received Plaintiff's written notices of default by email. A true and correct copy of the emails of the Notice of Default is attached as Exhibit B to the Affidavit of Pamela Rosario filed contemporaneously herewith.

8. Defendants did not cure their default after having more than fifteen days' written notice.

### THE COURT HAS THE LEGAL AUTHORITY TO ENTER THE CONFESSION OF JUDGMENT AGAINST DEFENDANTS

9. "Federal courts have the power to enter confession judgments, as has been recognized by courts time and again." Orlando Residence v. Nelson, No. 13-1402, p.20 (4th Cir. Apr. 7, 2014) (unpublished) (affirming district court's enforcement of South Carolina confession of judgment on motion, noting that "South Carolina law explicitly allows for entry of confession judgments."). See 28 U.S.C. § 1874. North Carolina federal courts have entered confessions

of judgment in connection with the enforcement of settlement agreements. See, e.g., Rychel v. Yates, 3:11-cv-00176-FDW-DSC (W.D.N.C. Mar. 25, 2013).

10. District courts, moreover, have the authority to reopen dismissed cases pursuant to Rule 60(b)(6) when there is an independent basis for the court's exercise of such jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291 (4th Cir. 2000); Harman v. Pauley, 678 F.3d 479 (4th Cir. 1982); Fairfax Countrywide Citizens Ass'n v. County of Fairfax, 571 F.2d 1299 (4th Cir. 1978) ("[U]pon repudiation of a settlement agreement which had terminated litigation pending before it, a district court has the authority under Rule 60(b)(6) to vacate its prior dismissal order and restore the case to its docket.").

11. In this case, there is complete federal jurisdiction between the parties. The parties, moreover, agreed that this Court is the "sole and exclusive venue for litigation" involving the Settlement Agreement so long as jurisdiction lies. Settlement Agreement, ¶ 19.

12. The Court should exercise its discretion to reopen this proceeding, vacate the Stipulation of Dismissal with prejudice, and enter judgment against Defendants, as Defendants agreed in the Settlement Agreement.

13. As set forth in the Affidavit of Pamela Rosario filed contemporaneously herewith, one payment has been received by Plaintiff under the Settlement Agreement, and the total amount due to Plaintiff from Defendants, as of June 17, 2026, is $22,480.

14. As set forth in the Confession of Judgement attached as Exhibit C to the Affidavit of Pamela Rosario, Plaintiff seeks prejudgment interest which continues to accrue from May 24, 2026 until entry of judgement at the applicable rate. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961

**CONCLUSION**

The Court should enter the Judgment against Defendants, in the form attached as Exhibit C to the Affidavit of <u>Pamela Rosario </u>consented to by Defendants.

Dated: This 18th day of June 2026.

By: */s/Pamela Rosario*
Pamela Rosario, NY Bar No. 5036405
CONSUMER JUSTICE LAW FIRM
72-47 139th Street
Flushing, NY 11367
T: (718) 874-8526
F: (480) 613-7733
E: prosario@consumerjustice.com
*Attorney for Plaintiff*
*Gomin Gardiyehewa*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/Pamela Rosario*

4