# EXHIBIT A

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among Plaintiff Gomin Gardiyehewa (the "Plaintiff"), and Simpliworks Inc. ("Simpliworks"), and Malik McCray (collectively the "Defendants").

**WHEREAS**, the Plaintiff commenced an action against Defendants in the United States District Court for the Eastern District of North Carolina, Western Division (the "Court"), bearing docket no. 5:24-cv-00405 (the "Action") by filing a Complaint on July 12, 2024 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and North Carolina Wage and Hour Act (the "NCWHA");

**WHEREAS**, Defendants filed an Answer to Plaintiff's Complaint with the Court on August 27, 2024;

**WHEREAS**, Defendants deny all substantive allegations made by Plaintiffs in the Action;

**WHEREAS**, on September 22, 2025, Plaintiff and Defendants (collectively the "Parties"), through their counsel, reached an agreement in principle was reached to settle the Action;

**WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses and of the bona fide dispute between the Parties in the Action;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiff collectively by Defendants of the gross sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) (the "Settlement Amount"),

1

Gomin Gardiyehewa hereby releases and forever discharge Simpliworks Inc., Malik McCray, each of Simpliworks' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of Malik McCray's heirs, executors, administrators, agents, successors, employees, and assigns, and assigns, as well as anyone deemed by Plaintiff to be an "employer" during his alleged employment with any of the Defendants, and Simpliworks' predecessors, successors, parent companies, holding companies, and subsidiaries, (all said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiff and each of Plaintiff's heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair Labor Standards Act, North Carolina Wage and Hour Act, and/or any other law, regulation, or ordinance regulating the payment of wages, including but not limited to, all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages (including, but not limited to, all alleged damages due to untimely payment), and statutory penalties (including, but not limited to, all damages or penalties due to improper wage notices and/or improper wage statements). This Release shall include, without limitation, any and all claims alleged by Plaintiffs in this Action.

2. The Parties agree to execute a "Stipulation of Dismissal with Prejudice," in the form annexed hereto as **Exhibit A,** which will be filed with the Court along with the Joint Motion for Approval of the Settlement and Release Agreement within seven (7) days after the following conditions are met: (a) Defendants' counsel receives a duly executed Agreement signed by Plaintiff; (b) Defendants' counsel receives a completed IRS Form W-4 for Plaintiff; (c) Defendants' counsel receives a completed IRS Form W-9 for Plaintiffs' counsel; (d) Plaintiff's counsel receives Defendant's executed Confession of Judgment; and (e) Defendants' counsel receives a "Stipulation of Dismissal with Prejudice" signed by Plaintiff's counsel.

3. Defendants shall pay the Settlement Amount in four (4) installments as follows:

(a) Within fourteen (14) days of the date the Court "So Orders" the Stipulation of Dismissal with prejudice, Defendants shall pay the First Installment of the Settlement Amount in the gross sum of Six Thousand Two Hundred and Fifty Dollars and Zero Cents ($6,250.00) by issuing:

i. One (1) check payable to "Consumer Justice Law Firm" in the gross amount of two thousand five hundred and twenty dollars ($2,520.00), less applicable tax withholdings and deductions, representing payment of Plaintiffs' attorneys' fees and costs.

ii. One (1) check payable to "Gomin Gardiyehewa" in the total amount of three thousand seven hundred and thirty dollars ($3,730.00) representing payment for Plaintiff Gomin Gardiyehewa's alleged unpaid wages, liquidated damages, and penalties;

(b) Within thirty (30) days of the due date of the First Installment of the Settlement, Defendants shall pay the Second Installment of the Settlement

3

Amount in the gross sum of Six Thousand Two Hundred and Fifty Dollars and Zero Cents ($6,250.00) by issuing:

i. One (1) check payable to "Consumer Justice Law Firm" in the gross amount of two thousand five hundred and twenty dollars ($2,520.00), less applicable tax withholdings and deductions, representing payment of Plaintiffs' attorneys' fees and costs.

ii. One (1) check payable to "Gomin Gardiyehewa" in the total amount of three thousand seven hundred and thirty dollars ($3,730.00) representing payment for Plaintiff Gomin Gardiyehewa's alleged unpaid wages, liquidated damages, and penalties;

(c) Within thirty (30) days of the due date of the Second Installment of the Settlement, Defendants shall pay the Third Installment of the Settlement Amount in the gross sum of Six Thousand Two Hundred and Fifty Dollars and Zero Cents ($6,250.00) by issuing:

i. One (1) check payable to "Consumer Justice Law Firm" in the gross amount of two thousand five hundred and twenty dollars ($2,520.00), less applicable tax withholdings and deductions, representing payment of Plaintiffs' attorneys' fees and costs.

ii. One (1) check payable to "Gomin Gardiyehewa" in the total amount of three thousand seven hundred and thirty dollars ($3,730.00) representing payment for Plaintiff Gomin Gardiyehewa's alleged unpaid wages, liquidated damages, and penalties;

4

(d)     Within thirty (30) days of the due date of the Third Installment of the Settlement, Defendants shall pay the Fourth Installment of the Settlement Amount in the gross sum of Six Thousand Two Hundred and Fifty Dollars and Zero Cents ($6,250.00) by issuing:

i.  One (1) check payable to "Consumer Justice Law Firm" in the gross amount of two thousand five hundred and twenty dollars ($2,520.00), less applicable tax withholdings and deductions, representing payment of Plaintiffs' attorneys' fees and costs.

ii. One (1) check payable to "Gomin Gardiyehewa" in the total amount of three thousand seven hundred and thirty dollars ($3,730.00) representing payment for Plaintiff Gomin Gardiyehewa's alleged unpaid wages, liquidated damages, and penalties.

4.     Defendants may issue an IRS tax Form W-2 to Plaintiffs for the portion of the Settlement Amount that represents alleged unpaid wages and Defendants may issue an IRS tax Form 1099 to Plaintiff and Gen Esq Law PLLC for their respective portions of the remainder of the Settlement Amount. Plaintiff agrees to hold Defendants harmless and indemnify Defendants from any payments Defendants may be required to make to any taxing authority as a result of the payment of the Settlement Amount.

5.     Should Defendants default on one of the above payments, Plaintiff's counsel will immediately contact Defense counsel and allow for a fifteen (15) day grace period for Defendant to cure the default prior to Plaintiff's filing of Defendant's Confession of Judgement. Plaintiff shall not release, withdraw, or destroy the Confession of Judgement executed by Defendant McCray unless and until the full Settlement Amount has been paid in accordance with the terms herein.

6. Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, North Carolina Wage and Hour Act, and/or any other law, regulation, or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning Plaintiff's alleged employment with any of the Releasees, filed with any federal, state and local agencies/administrative body or any judicial forum against any of the Releasees. Plaintiff further agrees that he will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as they acknowledge no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands and/or actions are not withdrawn due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands and/or actions, and that Plaintiff will execute such papers and/or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand and/or action dismissed with prejudice. Nothing herein shall prevent Plaintiff from filing a complaint and/or charge of discrimination with, and/or cooperating with an investigation conducted by, an appropriate local, state, and/or federal agency, however, Plaintiff expressly waives and releases any right to recover monetary damages from any such charge, investigation, or proceeding.

7. Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein,

including but not limited to those terms and provisions relating to unknown and/or unsuspected rights, claims, demands, and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands, and/or causes of action herein specified.

8.      Plaintiff acknowledges that aside from the payments set forth in Paragraph 3 of this Agreement, he is owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to any wages, commissions, overtime pay, vacation or sick pay, accrued benefits, or bonuses.

9.      Plaintiff and Defendants agree to maintain the fact and terms of this Agreement in strict confidence; provided, however, that each may report that the claims related to this Agreement were resolved to their mutual satisfaction; and further provided that they may disclose the terms of the Agreement to their counsel, accountants, and tax advisors and may respond to lawful subpoenas or other process as required by law. The Parties further agree that they will not disparage each other, or their respective businesses, officers, members, manager, subcontractors, employees, agents, or representatives, in any way, including but not limited through postings to social media. The Parties agree that any violation of any of the covenants of confidentiality and/or non-disparagement will cause substantial and irreparable injury to the other and will entitle the other to obtain an injunction against or as a result of any breach of any of the rights or remedies to which the other party may be entitled to at law, in equity, or otherwise under this paragraph. The prevailing party to any such enforcement litigation shall be entitled to recover reasonable attorney fees from the non-prevailing party.

10.     Plaintiff affirms that he is not a Medicare or Medicaid Beneficiary (defined as any claimant for whom Medicare and/or Medicaid has paid Conditional Payments for the treatment of injuries arising out of and/or related to any matter released by this Agreement) as of the date of

this Agreement and no conditional payment has been made to or on Plaintiff's behalf by Medicare or Medicaid.

11.     Plaintiff further represents that he is not enrolled in a Medicare or Medicaid program and was not enrolled at the time of their employment with Releasees or anytime thereafter through the date of this Agreement.  Plaintiff further represents and warrants that no Medicaid or Medicare payments have been made to or on behalf of Plaintiffs and that no liens, claims, demands, subrogated interests, and/or causes of action of any nature or character exist or have been asserted arising from Plaintiff's employment with Releasees.  Plaintiff further agrees that he, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, and/or causes of action that may exist or have been asserted or that may in the future exist or be asserted.  In the event any action is commenced whereby any Releasee is pursued for payment in connection with the position of Plaintiff as a Medicare and/or Medicaid beneficiaries, Plaintiff agrees to indemnify Releasees and hold Releasees harmless in full.

12.     The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiff's claims have merit.

13.     This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

14.     Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims.  Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any

plausible legal claims he could assert, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

15.    The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

16.    This Agreement contains all the terms and conditions agreed upon by the Parties hereto relating to the claims alleged in the Action, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement relating to the claims alleged in the Action shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

17.    The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

18.    This Agreement may only be modified, altered or changed in writing, signed by the Parties.

19.    This Agreement shall be subject to and governed by the laws of the State of North Carolina without giving effect to principles of conflicts of law. The Parties agree any Court of competent jurisdiction within the State of North Carolina will have jurisdiction over this Agreement.

20.    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, this Agreement may be electronically signed via DocuSign and any scanned copies or facsimiled copies of this Agreement

executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for Defendants, Stephen Safran, Esq., Safran Law Offices, PO Box 587, Raleigh, NC 27602, (919) 828-1396, stephen@safranlaw.com; and counsel for Plaintiff, Janelle Romero, Esq., Consumer Justice Law Firm, 8095 N. 85th Way Scottsdale, AZ 85258, (718) 874-8247, jromero@consumerjustice.com.

**IN WITNESS WHEREOF**, Plaintiffs and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

*Gomin Gardiyehewa*
_____
Gomin Gardiyehewa

_____
Simpliworks, Inc.
By: MALIK McCRAY
Title: CEO

_____
Malik McCray