UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-405-D

GOMIN GARDIYEHEWA, )
)
Plaintiff, )
)
v. )          **ORDER**
)
SIMPLIWORKS INC, and )
MALIK MCCRAY, )
)
Defendants. )

On September 30, 2025, Gomin Gardiyehewa ("Gardiyehewa" or "plaintiff") filed a notice of settlement [D.E. 29]. In the settlement agreement, defendants agreed to make four monthly installments to plaintiff of $6,250 starting May 14, 2026, for a total $25,000. See [D.E. 40-3] 4–6. Defendants also executed a confession of judgment in plaintiff's favor for $30,000 less credit for any payments made. See [D.E. 40-3 to 40-5]. On April 8, 2026, the parties filed a stipulation of dismissal with prejudice and the case was terminated [D.E. 39]. See Fed. R. Civ. P. 41(a)(1)(A)(ii). As of May 19, 2026, defendants made a late partial first payment of $2,520. See [D.E. 40-2] ¶ 8. Defendants failed to make any other payments to plaintiff under the settlement agreement. See [D.E. 40-4]. Defendants have not satisfied their obligations under the settlement agreement.

On June 18, 2026, plaintiff moved to vacate dismissal, reopen the case, enforce the settlement agreement, and enter confession of judgment against defendants [D.E. 40] and filed a memorandum in support [D.E. 40-1]. Defendants failed to respond.

The court lacks subject-matter jurisdiction to enter the relief plaintiff seeks. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378–82 (1994); Columbus-Am. Discovery Grp. v.

Case 5:24-cv-00405-D-KS    Document 41    Filed 07/27/26    Page 1 of 2

Atl. Mut. Ins. Co., 203 F.3d 291, 299 (4th Cir. 2000); Fairfax Countywide Citizens Ass'n v. Fairfax Cnty., 571 F.2d 1299, 1303–04 (4th Cir. 1978). A "district court may not enforce a [s]ettlement [a]greement unless the agreement ha[s] been approved and incorporated into an order of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction." Columbus-Am. Discovery Grp., 203 F.3d at 299 (cleaned up); see SmallBizPros, Inc. v. MacDonald, 618 F.3d 458, 461–64 (5th Cir. 2010) (per curiam); Fairfax, 571 F.2d at 1303–05. The settlement agreement in this case was not approved and incorporated into an order of the court, and there is no independent ground for federal jurisdiction. See Kokkonen, 511 U.S. at 381–82; Fairfax, 571 F.2d at 1303–04 (holding that the district court lacked jurisdiction to enforce settlement agreement despite agreement settling federal claims). The court's inherent authority to enforce a settlement agreement "is not a principle of federal jurisdiction." Fairfax, 571 F.2d at 1304. Moreover, the settlement agreement does not provide for subject-matter jurisdiction. See [D.E. 40-3] ¶ 19 ("The [p]arties agree any [c]ourt of competent jurisdiction within the State of North Carolina will have jurisdiction over this [a]greement."); cf. [D.E. 40-5] 3 (providing that plaintiff is "permitted to file the confessions of judgment with the Clerk of the Eastern District of North Carolina and/or in a Court of competent jurisdiction"). Thus, the court lacks subject-matter jurisdiction to enter the relief plaintiff seeks.

In sum, the court DISMISSES WITHOUT PREJUDICE plaintiff's motion to enforce the settlement agreement [D.E. 40].

SO ORDERED. This 27 day of July, 2026.

JAMES C. DEVER III
United States District Judge

2